IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLLEEN HILLS, | ) | C. A. NO.: 05-172 JJF |
| | ) | |
| Plaintiff, | ) | |
| | ) | ARBITRATION CASE |
| v. | ) | |
| | ) | |
| LORENZO ROMERO-SANCHEZ., | ) | TRIAL BY JURY OF |
| LINDA PULLMAN and | ) | TWELVE DEMANDED |
| BJORN M. HAGLID, | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANT BJORN M. HAGLID'S ANSWER TO COMPLAINT**

COMES NOW, Defendant Bjorn M. Haglid and answers the averments of the Plaintiff's Complaint as they pertain to him:

1. Admitted that defendant resides in the State of Delaware. Answering defendant is without sufficient knowledge to either admit or deny the remainder of the averments of this paragraph.

2. Answering defendant is without sufficient knowledge to either admit or deny the averments of this paragraph.

3. Answering defendant is without sufficient knowledge to either admit or deny the averments of this paragraph.

4. Answering defendant is without sufficient knowledge to either admit or deny the averments of this paragraph.

5. Admitted.

6. Admitted as to the date and location referenced in plaintiff's complaint.

Answering defendant is without sufficient knowledge to either admit or deny the remainder of averments of this paragraph.

7. Admitted.

8. Upon information and belief, admitted.

9. No responsive pleading is required of Answering Defendant.

10. Denied.

11. Denied as to Answering Defendant.

## COUNT I

12. No responsive pleading is required of Answering Defendant.

13. No responsive pleading is required of Answering Defendant.

14. No responsive pleading is required of Answering Defendant.

15. No responsive pleading is required of Answering Defendant.

16. No responsive pleading is required of Answering Defendant.

17. No responsive pleading is required of Answering Defendant.

18. No responsive pleading is required of Answering Defendant.

19. No responsive pleading is required of Answering Defendant.

## COUNT II

20. No responsive pleading is required of Answering Defendant.

21. No responsive pleading is required of Answering Defendant.

22. No responsive pleading is required of Answering Defendant.

## COUNT III

23. Answering defendant incorporates its responses to paragraphs 1 through 22 as if fully set out herein.

24. Denied as to Answering Defendant in full and as to each subpart (a) through (o).

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## COUNT IV

31. Denied.

32. Denied.

## COUNT V

33. No responsive pleading is required of Answering Defendant.

34. No responsive pleading is required of Answering Defendant.

WHEREFORE, Answering defendant, Bjorn M. Haglid denies all liability and demands judgment in his favor, plus costs of this action.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The accident was unavoidable.

## CROSS CLAIM AGAINST DEFENDANTS

## LORENZO ROMERO-SANCHEZ AND LINDA PULLMAN

1. Without admitting the truth of these averments, Defendant Bjorn M. Haglid incorporates by reference the averments of Plaintiff complaint against defendants Lorenzo Romero-Sanchez and Linda Pullman.

2.  Without admitting the truth of these averments, defendant Bjorn M. Haglid alleges that any injuries or damages suffered by the plaintiff were proximately caused solely by the negligent conduct of defendants Lorenzo Romero-Sanchez and Linda Pullman.

3.  Defendant Bjorn M. Haglid denies any liability to the plaintiff or defendants Lorenzo Romero-Sanchez and Linda Pullman in this action.

4.  In the event that it should be judicially determined, however, that defendant Bjorn M. Haglid is liable to any party in this action, this defendant avers that defendants Lorenzo Romero-Sanchez and Linda Pullman are alone liable to plaintiffs, or liable over to defendant Bjorn M. Haglid or jointly or severally liable to plaintiff, or liable to defendant Bjorn M. Haglid on the basis of contribution and/or indemnity.

WHEREFORE, Answering defendant, Bjorn M. Haglid requests that Plaintiff's complaint be dismissed and that judgment be entered in his favor or, alternatively, in the event of a finding of judgment in favor of plaintiff and against Defendant Bjorn M. Haglid that judgment be entered in his favor for contribution and/or indemnity against defendants Lorenzo Romero-Sanchez and Linda Pullman.

SWARTZ CAMPBELL LLC

*/s/ Nicholas E. Skiles, Esquire*
Nicholas E. Skiles, Esquire (ID #3777)
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899
(302) 656-5935

Date: 6/6/05   Attorney for Defendant Bjorn M. Haglid

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLLEEN HILLS, | ) | C. A. NO.: 05-172 JJF |
| | ) | |
| Plaintiff, | ) | |
| | ) | ARBITRATION CASE |
| v. | ) | |
| | ) | |
| LORENZO ROMERO-SANCHEZ., | ) | TRIAL BY JURY OF |
| LINDA PULLMAN and | ) | TWELVE DEMANDED |
| BJORN M. HAGLID, | ) | |
| | ) | |
| Defendants | ) | |

## CERTIFICATION OF SERVICE

I, Nicholas E. Skiles, Esquire, hereby certify that on this 6th day of June, 2005, that defendant Bjorn M. Haglid's Answer to Plaintiff's Complaint were filed electronically and mailed via first class mail, postage pre-paid to:

Timothy Rafferty, Esquire
P.O. 609
Hockessin, DE 19707

SWARTZ CAMPBELL LLC

/s/ Nicholas E. Skiles, Esquire
Nicholas E. Skiles, Esquire
300 Delaware Avenue, Suite 1130
P. O. Box 330
Wilmington, DE 19899
(302) 656-5935
Attorneys for Defendant Bjorn M. Haglid