UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLLEEN HILLS, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-172 |
| | ) | |
| v. | ) | JURY OF 12 DEMANDED |
| | ) | |
| LORENZO ROMERO-SANCHEZ, LINDA PULLMAN, and BJORN HAGLID, | ) ) ) | |

### ANSWER OF DEFENDANT LINDA PULLMAN

### JURISDICTIONAL STATEMENT

1. Admitted that answering defendant resides in Delaware, and that the accident occurred in Delaware. Answering defendant lacks sufficient knowledge and information to admit or deny the remaining matters asserted.

### PARTIES

2. Answering defendant lacks sufficient knowledge and information to admit or deny the matters asserted.

3. Denied.

4. Admitted.

5. Answering defendant lacks sufficient knowledge and information to admit or deny the matters asserted.

### VENUE

6. Denied, except admitted that the accident occurred at the place stated.

### FACTS

7. Admitted upon information and belief.

1

8. Denied.

9. Denied.

10. Denied, except admitted upon information and belief as to the allegations of negligence, driving under the influence, and other wrongful conduct as to defendant Haglid.

11. Denied as to defendant Pullman, except admitted upon information and belief that the accident was not caused by plaintiff.

COUNT I – NEGLIGENCE
PLAINTIFF v. DEFENDANT ROMERO-SANCHEZ

12. Answering defendant reasserts her responses in paragraphs 1-11 above.

13. Denied.

14. Answering defendant lacks sufficient knowledge and information to admit or deny the matters asserted.

15. Answering defendant lacks sufficient knowledge and information to admit or deny the matters asserted.

16. Answering defendant lacks sufficient knowledge and information to admit or deny the matters asserted.

17. Answering defendant lacks sufficient knowledge and information to admit or deny the matters asserted.

18. Answering defendant lacks sufficient knowledge and information to admit or deny the matters asserted.

19. Answering defendant lacks sufficient knowledge and information to admit or deny the matters asserted.

## COUNT II – NEGLIGENT ENTRUSTMENT
### PLAINTIFF v. DEFENDANT PULLMAN

20.     Answering defendant reasserts her responses in paragraphs 1-19 above.

21.     Denied.

22.     Denied as to all allegations of negligence or other wrongful conduct on the part of answering defendant.

## COUNT III – NEGLIGENCE
### PLAINTIFF v. DEFENDANT HAGLID

23.     Answering defendant reasserts her responses in paragraphs 1-22 above.

24.     Admitted upon information and belief (except for subparagraph (m)).

25.     Answering defendant lacks sufficient knowledge and information to admit or deny the matters asserted.

26.     Answering defendant lacks sufficient knowledge and information to admit or deny the matters asserted.

27.     Answering defendant lacks sufficient knowledge and information to admit or deny the matters asserted.

28.     Answering defendant lacks sufficient knowledge and information to admit or deny the matters asserted.

29.     Answering defendant lacks sufficient knowledge and information to admit or deny the matters asserted.

30.     Answering defendant lacks sufficient knowledge and information to admit or deny the matters asserted.

## COUNT IV – PUNITIVE DAMAGES
### PLAINTIFF v. DEFENDANT HAGLID

31.     Answering defendant reasserts her responses in paragraphs 1-30 above.

32.   Answering defendant lacks sufficient knowledge and information to admit or deny the matters asserted.

## COUNT V – PUNITIVE DAMAGES
## PLAINTIFF v. DEFENDANT ROMERO-SANCHEZ

33.   Answering defendant reasserts her responses in paragraphs 1-32 above.

34.   Denied.

### AFFIRMATIVE DEFENSES

1.   The accident was caused solely or primarily by negligence on the part of defendant Haglid in that he:

(a)   Operated a vehicle under the influence of alcohol, in violation of 21 Del.C. §4177;

(b)   Operated a vehicle in a careless or imprudent manner, in violation of 21 Del.C. §4176(a);

(c)   Failed to give full time and attention to the operation of his vehicle, or failed to keep proper lookout, in violation of 21 Del.C. §4176(b);

(d)   Operated a vehicle at a speed that was greater than reasonable and prudent under the conditions, or so as to avoid colliding with other vehicles, in violation of 21 Del.C. §4168(a);

(e)   Failed to operate a vehicle at an apppropriate speed when approaching and crossing an intersection, or by reason of highway conditions, in violation of 21 Del.C. §4168(b);

(f)   Failed to stop at a traffic control device, in violation of 21 Del.C. §4107 and/or 21 Del.C. §4108;

(g) Failed to yield right-of-way to a vehicle that had already entered an intersection, in violation of 21 Del.C. §4131;

(h) Failed to comply with his common law duties of care, control, and lookout.

2. The accident was caused solely or primarily by negligence on the part of an unknown individual who took defendant Pullman's vehicle without permission or authority, and who:

(a) Operated a vehicle in a careless or imprudent manner, in violation of 21 Del.C. §4176(a);

(b) Failed to give full time and attention to the operation of his vehicle, or failed to keep proper lookout, in violation of 21 Del.C. §4176(b);

(c) Operated a vehicle at a speed that was greater than reasonable and prudent under the conditions, or so as to avoid colliding with other vehicles, in violation of 21 Del.C. §4168(a);

(d) Failed to operate a vehicle at an apppropriate speed when approaching and crossing an intersection, or by reason of highway conditions, in violation of 21 Del.C. §4168(b);

(e) Failed to stop at a traffic control device, in violation of 21 Del.C. §4107 and/or 21 Del.C. §4108;

(f) Failed to yield right-of-way to a vehicle that had already entered an intersection, in violation of 21 Del.C. §4131;

(g) Failed to comply with his common law duties of care, control, and lookout.

3. The complaint fails to state a cause of action against answering defendant Linda Pullman as she:

(a) Was not operating her vehicle at the time of the accident;

(b) Had not given permission or authority to anyone to operate her vehicle other than defendant Sanchez;

(c) Did not negligently entrust her vehicle to defendant Sanchez;

(d) Was not the principal, employer, or master of anyone with respect to this incident.

4. Defendant Linda Pullman is not a proper party defendant for the reasons asserted above in affirmative defense 3.

5. Defendant Linda Pullman is not liable for the accident as any negligence on the part of the unknown individual who took her vehicle without permission or authority constituted a superseding intervening cause.

6. The improper and illegal taking of her vehicle by an unknown individual was not foreseeable with respect to defendant Linda Pullman.

## CROSS-CLAIM AGAINST DEFENDANT HAGLID

Answering defendant Linda Pullman denies all allegations of negligence and other wrongful conduct in this action. In the event she is held liable to plaintiff in any amount, she demands contribution and/or indemnification from defendant Bjorn Haglid and an apportionment of fault pursuant to Delaware law.

THEREFORE, answering defendant Linda Pullman demands that judgment be entered in her favor with costs to be assessed against plaintiff and/or defendant Haglid.

LAW OFFICES OF THOMAS S. BOUCHELLE

/s/ Steven F. Mones
Steven F. Mones (Del. Bar 2611)
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE 19713
T: 302-292-6660
F: 302-292-6668
Email: moness@nationwide.com

July 1, 2005

## CERTIFICATE OF SERVICE

I certify that, on this date, a copy of defendant Pullman's answer to complaint was served, electronically and by mail, on the following individuals:

Timothy Rafferty, Esquire
P.O. Box 609
Hockessin, DE 19707

Thomas F. Sacchetta, Esquire
Sacchetta & Baldino
308 East Second Street
Media, PA 19063

Nicholas E. Skiles
Swartz Campbell LLC
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899

/s/ Steven F. Mones
Steven F. Mones

July 1, 2005