UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| COLLEEN HILLS,<br><br>    Plaintiff,<br>v.<br><br>LORENZO ROMERO-SANCHEZ,<br>LINDA PULLMAN, and<br>BJORN HAGLID,<br><br>    Defendants. | :  C.A. No. 05-172 (JJF)<br>:<br>:<br>:  12 JUROR TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT LORENZO ROMERO-SANCHEZ' REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS**

**COMES NOW** defendant Lorenzo Romero-Sanchez ("Sanchez"), by and through counsel, in further support of his Motion to Dismiss, and states as follows:

1. Plaintiff filed the instant action on or about March 21, 2005. On March 31, 2005, plaintiff attempted to serve Sanchez by leaving the Summons and Complaint at the home of defendant Linda Pullman. On March 31, 2006, Sanchez filed a Motion to Dismiss for Insufficiency of Service of Process. Plaintiff filed her Answering Brief on or about April 13, 2006. This is Sanchez' Reply Brief.

2. Pursuant to Fed.R.Civ.P 4(e), service upon individuals residing in a judicial district of the United States may be served either (a) in the manner prescribed by statute or by the courts of general jurisdiction of the State or (b) by delivering the summons and complaint to the defendant or to the defendant's "dwelling place or usual place of abode" or to "an agent authorized by appointment or law to accept service." Delaware Superior Court Rule 4(f)(1)(I), which provides the means of service upon adult individuals, is

essentially identical to its Federal Counterpart. Therefore, service must be effectuated in the manner set forth above.

3. Plaintiff has failed to obtain proper service upon Sanchez. Plaintiff argues that service upon defendant Pullman is sufficient. In making this argument, plaintiff relies upon Ms. Pullman's and Sanchez' Arbitration testimony in a Delaware Superior Court matter involving the same accident as the case at bar. The Arbitration testimony clearly indicates that neither Ms. Pullman or Mr. Sanchez could state when Sanchez last lived at the Pullman home. (Exh. A, transcript of 6/1/05 Arbitration, p. 5, lines 5-14, p. 18, lines 6-11). Sanchez testified that "sometimes [he] stayed at [Pullman's] house." (Exh. A, p. 18, lines 3-5).

4. It is clear that Pullman's home could not be considered Sanchez' "dwelling house" or "usual place of abode." Although these terms have not been uniformly defined by courts, they suggest some degree of an intent to remain at the residence permanently, and that the defendant to be served is living at the location when service is attempted. *See Saienni v. Oveide*, 355 A.2d 707 (Del. Super, 1976). At most, Sanchez was an occasional guest at the Pullman house. Further, there is no evidence that Sanchez was living at the Pullman house at the time service was attempted. Finally, plaintiff does not argue that Pullman was Sanchez' agent and was authorized or appointed to accept service on his behalf. Service has not been effectuated upon Sanchez.

5. If a plaintiff fails to serve a defendant within 120 days of the filing of the Complaint, the claim against the unserved defendant may be dismissed. Fed.R.Civ.P. 4(m). The Complaint was filed on March 21, 2005. More than a year has elapsed since the filing of the Complaint. Plaintiff's claim against Sanchez is subject to dismissal.

6. In determining whether a claim should be dismissed pursuant to Rule 4(m), the Court must engage in a two step inquiry. *Petrucelli v. Bohringer and Ratzinger,* 46 F. 3d 1298 (3rd. Cir., 1995). First, the Court must determine whether there is good cause for the failure to obtain service. *Id* at 1305. If good cause exists, the Court must extend the time permitted for service. *Id.* If good cause does not exist, the Court has discretion to extend the time for service or dismiss the claim. *Id.*

7. In determining whether good cause exists, Courts consider (1) whether plaintiff has made a reasonable effort to obtain service; (2) the degree to which the defendant has been prejudiced; and, (3) whether plaintiff moved for an extension of time to obtain service. *Farrace v. United States Department of Justice,* C.A. No. 03-861 JJF (D.Del., April 21, 2004). The fact that a defendant has not been prejudiced, in and of itself, will not lead to a finding of good cause. *Id.*

8. Plaintiff has not made a reasonable effort to obtain service upon Sanchez. As stated in defendant's Opening Brief, and as admitted in plaintiff's Answering Brief, defendant's former counsel informed plaintiff that Sanchez did not reside at the Pullman residence. Further, review of the police report (Exh. B) indicates that Sanchez' address is listed as "unknown" despite the fact that Pullman's address is listed, and that the officer spoke to Pullman, who identified Sanchez as her "boyfriend." Finally, as stated above, review of the Arbitration testimony relied upon by plaintiff shows that the Pullman house could not be deemed Sanchez' "dwelling house" or "usual place of abode." Despite knowing that there was a question as to Sanchez' place of abode, plaintiff made no further effort to obtain service. Further, despite knowledge that the sufficiency of service was an issue, plaintiff did not request an extension of time to obtain service until

her Answering Brief. Plaintiff cannot show good cause for failing to obtain proper service.

9. Because there is no good cause for plaintiff's failure to properly serve Sanchez, the Court has discretion to provide additional time for service or to dismiss the claim against Sanchez. The Third Circuit has not provided specific factors for making this determination, but has pointed to the Advisory Committee notes to the 1993 Amendment to Rule 4 for guidance. *Petrucelli*, 46 F.3d at 1305, *Farrace, infra*. The advisory committee note lists evasion of service or concealment of a defect in service by the defendant and the running of the statute of limitations as examples of factors that are to be considered in making this determination. Fed.R.Civ.P 4(m) Advisory Committee's Note (1993). There is no evidence that Sanchez has been avoiding service or has concealed a defect in service. In fact, the defect in service was brought to plaintiff's counsel's attention by Sanchez' former counsel. With respect to the statute of limitations, the fact that a statute of limitations has run does not require the Court to extend the time permitted for service. *Petrucelli*, 46 F.3d at 1306.

10. Plaintiff's failure to prosecute this case further mitigates against providing plaintiff additional time to perfect service. Defendant Bjorn Haglid answered plaintiff's Complaint on or about June 6, 2005. Defendant Pullman answered plaintiff's Complaint on or about July 1, 2005. Despite the filing of answers by two defendants, and despite plaintiff's instance that service upon Sanchez was complete, plaintiff has done nothing to move this case forward.

11. Plaintiff cannot show good cause for her failure to properly effectuate service upon Sanchez. Further, the circumstances of this matter do not support an extension of

time to effectuate service. Plaintiff has failed to comply with the requirements of Rule 4(m), and the claim against Sanchez should be dismissed.

**WHEREFORE,** defendant Sanchez respectfully requests this Court issue an Order dismissing plaintiff's claims against him.

Respectfully submitted,

**HECKLER & FRABIZZIO**

"/s/ Richard D. Abrams" 2968
Richard D. Abrams
The Corporate Plaza
800 Delaware Avenue, Suite 200
P. O. Box 128
Wilmington, DE 19899-0128
  (302) 573-4800
  (e-mail) rabrams@hfddel.com
Attorney for Defendants
Lorenzo Romero-Sanchez and
Linda Pullman

Date: April 19, 2006

Doc. 289762 / File 16656