IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COLLEEN HILLS,                          :
                                        :
          Plaintiff,                    :
                                        :
     v.                                 :    Civil Action No. 05-172-JJF
                                        :
LORENZO ROMERO-SANCHEZ,                 :
LINDA PULLMAN, and                      :
BJORN HAGLID,                           :
                                        :
          Defendants.                   :

---

Timothy M. Rafferty, Esquire of TIMOTHY M. RAFFERTY, ESQUIRE,
Hockessin, Delaware.
Of Counsel:  Thomas F. Sacchetta, Esquire of SACCHETTA & BALDINO,
Media, Pennsylvania.
Attorneys for Plaintiff.

Richard D. Abrams, Esquire of HECKLER & FRABIZZIO, Wilmington,
Delaware.
Attorney for Defendants Lorenzo Romero-Sanchez and Linda Pullman.

Nicholas E. Skiles, Esquire of SWARTZ CAMPBELL LLC, Wilmington,
Delaware.
Attorney for Defendant Bjorn M. Haglid.

---

**MEMORANDUM OPINION**

May 24, 2006
Wilmington, Delaware

Farnan, District Judge.

    Pending before the Court is a Motion To Dismiss (D.I. 10) filed by Defendant Sanchez.  For the reasons discussed, the Motion To Dismiss will be denied.

I.    **BACKGROUND**

    Plaintiff filed a Complaint against Defendants Lorenzo Romero-Sanchez, Linda Pullman and Bjorn Haglid on March 21, 2005, alleging that she was injured while riding as a passenger in Defendant Haglid's vehicle when Defendant Haglid and Defendant Sanchez were involved in a motor vehicle collision.  Plaintiff also alleges that Defendant Pullman negligently entrusted her vehicle to Defendant Sanchez.

    Defendant Pullman filed an Answer to the Complaint on July 1, 2005; however, Defendant Sanchez contends that he was not properly served with the Complaint.  As a result, Defendant Sanchez requests the Court to dismiss the Complaint as it pertains to him.

    Plaintiff contends that she served Defendant Sanchez by sending process to Defendant Pullman's home, because Defendant Sanchez resides at Defendant Pullman's house.  In support of her argument, Plaintiff directs the Court to a copy of the arbitration transcript of Defendant Pullman discussing Defendant Sanchez' residence.  As an alternative to dismissal, Plaintiff requests the Court to grant her an extension of time to serve

1

Defendant Sanchez.

In reply, Defendant Sanchez contends that the arbitration transcript demonstrates that neither Defendant Pullman nor Defendant Sanchez could state when Defendant Sanchez last lived at Defendant Pullman's home.  Because Defendant Sanchez only stayed at Defendant Pullman's home occasionally, Defendant Sanchez contends that Plaintiff has failed to establish that he was served at his "dwelling place or usual place of abode." Defendant Sanchez also contends that Defendant Pullman was not an agent authorized or appointed to accept service on his behalf.

Defendant Sanchez further contends that an extension of time to effectuate service is not warranted in this case, because Plaintiff was advised numerous times that Defendant Sanchez' service was defective.  However, Plaintiff never took measures to cure the deficiency.

## II.  DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4(m), the plaintiff has 120 days after the filing of the complaint to effectuate service on the defendant.  Fed. R. Civ. P. 4(m).  The Court is required to dismiss a complaint without prejudice if the requirements of Rule 4(m) are not satisfied, unless the plaintiff shows good cause justifying an extension of time to complete service.  Id.  If good cause is demonstrated, the Court must extend the time permitted for service.  Petrucelli v. Bohringer

and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).  However, if good cause is not demonstrated, the Court has the discretion to either provide for an extension of time for service or dismiss the complaint.  Id.

To determine whether good cause exists, courts consider three factors:  (1) whether plaintiff made a reasonable effort to effectuate service, (2) whether and to what degree the defendant has been prejudiced, and (3) whether plaintiff sought an extension of time to effectuate service.  Farrace v. United States Department of Justice, 220 F.R.D. 419, 420-421 (D. Del. 2004).  Courts examining good cause primarily focus on the plaintiff's reasons for not complying with the time limits of Rule 4(m).  Id.  Moreover, the fact that a defendant has not been prejudiced is insufficient, standing alone, to establish the "good cause" required to justify an extension of time to effectuate service.  Id. at 421.

Reviewing the circumstances of this case in light of the applicable law, the Court concludes that Plaintiff has failed to effectuate timely service on Defendant Sanchez as required by Rule 4(m).  The arbitration transcripts demonstrate that it was unclear when Defendant Sanchez last lived in Defendant Pullman's home, and therefore, the Court concludes that Defendant Pullman's home cannot be considered Defendant Sanchez' "usual place of abode" or "dwelling house" for purposes of effectuating service.

Fed. R. Civ. P. 4(e); see e.g. Saienni v. Oveide, 355 A.2d 707, 707-708 (Del. Super. 1976) (requiring the physical presence of defendant in the home at the time of service, with the exception of a short absence or vacation).  Moreover, Plaintiff has not argued, and the Court has no basis to find that Defendant Pullman was authorized to accept service of process on behalf of Defendant Sanchez.

Having concluded that Plaintiff did not effectuate service on Defendant Sanchez, the Court must next consider whether Plaintiff has demonstrated good cause justifying an extension of time.  In this case, the Court finds that Plaintiff made a reasonable effort to effectuate service based on her understanding of the testimony elicited at the arbitration hearing.  This action is in its initial stages as to the other Defendants, and there will be little or no prejudice to Defendant Sanchez if the Court grants Plaintiff an extension of time to complete service.  In contrast, the Court finds the potential for a high degree of prejudice against Plaintiff if this action is dismissed, because there is a suggestion that the statute of limitations may have run with respect to her claims.  Moreover, the Court finds no evidence of bad faith or the type of conscious disregard of the Federal Rules of Civil Procedure on the part of Plaintiff or her attorney that would compel the Court to deny

4

Plaintiff an extension of time to properly complete service.[1]

Accordingly, the Court concludes that Plaintiff has demonstrated

good cause justifying an extension of time to complete service,

and therefore, Defendant Sanchez' Motion To Dismiss will be

denied.

## III. CONCLUSION

For the reasons discussed, the Court will deny Defendant

Sanchez' Motion To Dismiss.  Plaintiff shall be given an

additional 60 days from the date of the Court's Order

accompanying this Memorandum Opinion to effectuate service.  If

service is not properly effectuated against Defendant Sanchez and

proof filed with the Court, the Court will <u>sua</u> <u>sponte</u> enter an

Order dismissing the Complaint against Defendant Sanchez pursuant

to Federal Rule of Civil Procedure 4(m).

An appropriate Order will be entered.

---

[1]     The Court notes that its analysis of both the good
cause issue and whether to extend the time for service is fact-
sensitive.